PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2007 Mazda 3 struck holes on U.S. Route 60 in Charleston, Kanawha County. U.S. Route 60 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 8:00 p.m. on March 4,2008. U.S. Route 60 is a paved, four-lane road with a speed limit of forty-five miles per hour. Claimant was driving at approximately thirty-five to forty miles per hour and was changing lanes when her vehicle struck holes in the road near Tudor’s Biscuit World. One of the holes was approximately two feet long and eight to ten inches wide. She travels this road frequently, but on the day in question, she was unable to see the holes before her vehicle struck them because it was raining and the holes were filled with water. As a result of this incident, her vehicle sustained damage to its front rims and wheel bearings, and an alignment had to be performed, all in the amount of $1,293.67. Since claimant’s insurance deductible at the time of the incident was $500.00, her recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 60. John Wayne Walker, Maintenance Assistant for respondent in Kanawha, Boone, and Mason County, testified that U.S. Route 60 is a first priority road in terms of its maintenance. He testified that approximately 7,000 to 8,000 vehicles travel this road on a daily basis. During the time of claimant’s incident, there was high water on the roads in Kanawha County, and respondent was attending to that situation. He also stated that in March, respondent was involved in snow removal and ice control, which is a priority activity.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the holes which claimant’s vehicle struck and that the holes presented a hazard to the traveling public. The size of the holes and their location lead the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein *179 above, the Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.